

**BRUCE CUTLER, ESQ., PARTNER**
**TIMOTHY C. PARLATORE, ESQ., PARTNER**
NATASHA D. MAROSI, ESQ., ASSOCIATE
260 MADISON AVENUE, 22ND FLOOR
NEW YORK, NEW YORK 10016
TEL 212.679.6669 | FAX 212.202.4787

February 11, 2012

The Honorable Carol B. Amon
Chief United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

*Re: U.S. v. Badalamenti, et al., 12-cr-050(CBA)*

Dear Chief Judge Amon:

      I represent the Defendant, James Laforte, in the above referenced matter and submit this letter in opposition to the Government's motion for a protective order, dated February 10, 2012.

      As the Government correctly notes, Rule 16(d)(1) does provide that the Court may issue such an order, provided that the Government makes a sufficient showing of the necessity of such an order. Here the Government has failed to meet their burden. The Government has cited several cases in the past where protective orders have been granted in support of their assertion that "members and associates of organized crime have historically endeavored to obstruct justice" but have not even attempted to address the specific histories or characteristics of the defendants at bar in this case. To grant the Government's motion would be to create a *per se* rule that protective orders are warranted in all cases where the defendants are alleged to be associated with organized crime.

      Despite the Government's claims that the order is necessary to protect the safety of their cooperating witness, there is no secret to his identity, or the nature and extent of his cooperation in this case. [REDACTED]

      The Government does, however, raise a potentially legitimate point with regard to targets who have not yet been arrested, however they have provided no details. In this regard, perhaps the Government should submit a more detailed application identifying the specific individuals who were recorded, but have not yet been arrested for *in camera* review. If, after reviewing that submission, the Court deems that the Government has met their burden, Mr. Laforte will respect the Court's decision.

However, should this Court grant the Government's application, there is an additional issue that I would like to address. Rather than submit the discovery directly to counsel, the Government has instead contracted with an outside entity, DupeCoop, from which the defendants are required to purchase copies of the discovery at our own expense. Insofar as the Government has proposed that this Court order the defendants to give all copies of the recordings, which we have purchased, to the Government at the conclusion of the case, we respectfully submit that the Government should bear the cost of production of these materials.

        Respectfully submitted,

        /s/
        Timothy C. Parlatore, Esq.