

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

TM:JD  *271 Cadman Plaza East*
F.#2011R02050  *Brooklyn, New York 11201*

July 18, 2012

<u>By Hand Delivery and ECF</u>

The Honorable Carol B. Amon
Chief United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

       Re: <u>United States v. Anthony Graziano</u>
           <u>Criminal Docket No. 12-050 (S-4)(CBA)</u>

Dear Chief Judge Amon:

      The defendant is scheduled to be sentenced on July 25, 2012. By letter dated July 11, 2012, the defendant argues that a below-Guidelines sentence is appropriate because of the defendant's health and age, and a calculation by the Bureau of Prisons ("BOP") regarding the defendant's sentence on a prior case. The defendant also seeks a one level reduction in his adjusted offense level for a "global adjustment" pursuant to § 5K2.0 of the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G."). The government submits this letter in response to the defendant's requests.

I.   <u>Background</u>

    A.   <u>Summary of Charges</u>

      As set forth in the Pre-Sentence Investigation Report ("PSR") and detailed in prior submissions, defendant Anthony Graziano stands before the Court having pled guilty to Collection of Unlawful Debt Conspiracy, in violation of 18 U.S.C. § 1962(d). By way of background, between June 1, 2005 and November 21, 2011, the defendant, an inducted member, captain and administration member of the Bonanno organized crime family of La Cosa Nostra (the "Bonanno family"), <u>see</u> PSR p. 6, conspired with other members and associates of the Bonanno family, to participate in the collection of unlawful debts on behalf of and in furtherance of his membership in the Bonanno family. <u>See</u> PSR pp. 6-9. The

defendant's willingness to use implied threats of violence and intimidation to threaten individual debtors was caught on audiotape during the investigation.  Notably, the defendant's crimes were committed both while he was incarcerated and after his release to a halfway house.  (PSR ¶¶ 15-22, 26).

  B. <u>The Defendant's Membership in the Bonanno Family</u>

   Graziano is an inducted member of the Bonanno family, who has held, at various times, the position of associate, soldier, acting captain, captain and administration member.  The defendant's position has been confirmed by cooperating witnesses and by consensual recordings.

   The defendant's association with the Bonanno family is confirmed by evidence in the instant case.  Moreover, the defendant's conduct confirms his rank in the Bonanno family.  As detailed in the PSR, the defendant used subordinates to collect debts, even while he was incarcerated or serving a sentence in a halfway house, which demonstrates his rank and power within the criminal enterprise.

  C. <u>The Defendant's Guilty Plea</u>

   On April 2, 2012, the defendant pleaded guilty before Magistrate Judge Lois Bloom to the single count of a fourth Superseding Information pursuant to a plea agreement.  In the plea agreement, the government estimated that the applicable advisory Guidelines range was 30 to 37 months, based on an adjusted offense level of 15 and an estimated criminal history category of IV.  This estimate was premised on a one level reduction for a "global adjustment" under § 5K2.0 of the Guidelines, provided that timely guilty pleas were accepted by the Court from all six defendants then charged in the case.  (PSR ¶ 130).

  D. <u>The Pre-Sentence Report</u>

   On June 27, 2012, Probation estimated a Guidelines range of 27 to 33 months of incarceration, based on an adjusted offense level of 16, with a criminal history category of III.  (PSR ¶ 119).  The discrepancy between the Guidelines calculation in the plea agreement and the PSR is based on the following: First, as there was not a "global plea" in the case, the government opposes a one level adjustment under § 5K2.0.  (PSR ¶ 130).  In addition, Probation calculated the defendant's criminal history as category III, a calculation which the government does not oppose.  Thus, the applicable advisory Guidelines range is

27-33 months, based upon an adjusted offense level of 16 with a criminal history category of III. (PSR ¶ 119).

II. <u>Argument</u>

   A. <u>Legal Standard</u>

"[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." <u>Gall v. United States</u>, 552 U.S. 38, 49 (2007) (citation omitted). Next, a sentencing court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, [the court] may not presume that the Guidelines range is reasonable. (The court] must make an individualized assessment based on the facts presented." <u>Id</u>. at 49 (citation and footnote omitted).

   B. <u>The Defendant Should Not Receive a Downward Departure Because of His Physical Condition or Family Circumstances</u>

      1. <u>Physical Condition</u>

Section 5H1.4 of the Guidelines makes clear that "[p]hysical condition . . . is not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range." U.S.S.G. § 5H1.4. As the Second Circuit has observed, however, a condition that renders a defendant "seriously infirm" may be sufficient to warrant departure. <u>United States v. Altman</u>, 48 F.3d 96, 104 (2d Cir. 1995). Elaborating on this standard, the <u>Altman</u> court suggested that a downward departure under Section 5H1.4 is not warranted unless the defendant is seriously infirm with a medical condition that cannot be cared for adequately by the Bureau of Prisons. <u>See id</u>.; <u>see also</u> U.S.S.G. § 5H1.4.

It is therefore the defendant's task to convince the court that the Bureau of Prisons could not accommodate his maladies. This he cannot do. In this case, the defendant has represented that he suffers from advanced age and a variety medical conditions. <u>See</u> Def. Mem. at 2-4. Although the defendant's submission outlines numerous physical conditions, none of the ailments from which the defendant suffers render him "seriously infirm" as that phrase was interpreted in <u>Altman</u>. Indeed, the defendant cannot establish that the BOP would be incapable of attending to his physical condition. As the Court

4

is aware, individuals with physical conditions similar to or more serious than the defendant's are routinely housed in appropriate BOP facilities. Accordingly, the defendant's motion for a non-guidelines sentence on the basis of his medical condition should be denied.

2. <u>Defendant's Prior Undischarged Sentence</u>

The government takes no position regarding the determination by the BOP with respect to the undischarged portion of the defendant's prior sentence. The government respectfully requests, however, that the Court fashion its sentence to ensure that the BOP calculates the Court's sentence in this case such that Graziano will be required to serve the full term of imprisonment imposed by the Court.

C. <u>The 3553(a) Factors Indicate That a Guidelines Sentence Is Appropriate In This Case</u>

The factors outlined in 18 U.S.C. § 3553(a) show that a Guidelines sentence is appropriate in this case.

1. <u>History and Circumstances of the Offense</u>

As detailed above and in the PSR, the defendant was an associate, soldier, captain and senior administration member of the Bonanno family for many years and was personally engaged in conduct to collect unlawful debts on behalf of the Bonanno family. Based on evidence of that conduct, he pled guilty to the crime of conspiracy to collect unlawful debt.

Given the nature of the underlying offense and the defendant's participation in the offense on behalf of a criminal enterprise, the history and characteristics of the offense weigh in favor of a sentence within the advisory guideline range for the purposes of punishment and promoting general and specific deterrence. <u>See</u> 18 U.S.C. § 3553(a)(1), (a)(2)(A) & (a)(2)(B); (PSR ¶ 40).

2. <u>History and Characteristics of the Defendant</u>

As noted above, the defendant has a long history of membership in the Bonanno family. In addition, the defendant has prior convictions for racketeering activity and committed the instant offense while service a sentence for those crimes. The defendant's loving family and medical condition clearly should be taken into consideration at sentencing. However, they are not sufficient to overcome the substantial evidence of the

5

defendant's history as a member of organized crime, nor do they warrant a sentence below the advisory Guidelines range. For these reasons, the defendant's history and personal characteristics militate in favor of a sentence of incarceration. 18 U.S.C. § 3553(a)(1).

    3.   <u>The Need for the Sentence Imposed</u>

The defendant's request for a non-jail sentence should be denied. The defendant's history of involvement in criminal activity as an associate and member of the Bonanno family, a powerful organized criminal group, warrant a sentence of incarceration in this case that will appropriately "reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Indeed, an effective sentence of no or minimal incarceration on a conspiracy charge for a member of the Bonanno family engaged in collecting unlawful debts could well promote disrespect for the law. <u>See</u>, e.g., <u>United States v. Cutler</u>, 520 F.3d 136, 154 (2d Cir. 2008) (concluding that the district court made errors in certain "Guidelines applications and in its departure decisions; that the sentences imposed did not properly interpret certain of the sentencing factors that the court was required to consider under 18 U.S.C. § 3553(a), such as just 'punishment' and deterrence of others; and that some of the court's rationales would promote disrespect for the law").

III. <u>Conclusion</u>

For the foregoing reasons, the Court should impose a sentence within the applicable Guidelines range of 27 to 33 months' incarceration.

                                      Respectfully submitted,

                                      LORETTA E. LYNCH
                                      United States Attorney

                    By:   /s/
                         Jack Dennehy
                         Assistant U.S. Attorney
                         (718) 254-6133

cc: Clerk of the Court (CBA)
    Patrick V. Parrotta, Esq. (By ECF)