# Patrick V. Parrotta

*Attorney At Law*

_____

August 15, 2012

The Honorable Carol B. Amon, U.S. D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                               **RE: <u>United States v. Anthony Graziano</u>**
                                   Docket No. 12-CR-50 (S-4)-01

Dear Judge Amon,

      I have reviewed the Probation Department's Presentence report dated August 6, 2012, which was delivered to my office on August 8, 2012. In this report the Probation Department has provided a more detailed and complete transcript of the consensual recordings made by Hector Pagan, a Government cooperating witness and the son-in-law of my client Anthony Graziano. Mr. Graziano pled guilty to collection of an unlawful debt based upon the content of these recordings. In my letter dated July 11, 2012, defense counsel provided the court with excerpts from the consensual recordings with Mr. Pagan that were not contained in the original Presentence Report because I believed that these additional excerpts were probative of the extent of and the nature and circumstances of the offense. Now that the complete consensual recordings have been provided by the Probation Department in the more current and detailed Presentence Report I continue to submit that the consensual recordings illustrate that Mr. Graziano never intended to actually harm John Doe #1, Joseph Ferrara, and that he never directed or intended for Hector Pagan to harm him.

      Paragraph 33 of the most current Presentence Report contains a consensual recording between Hector Pagan and Anthony Graziano dated August 8, 2011. In that recording Hector Pagan states to Mr. Graziano, "I went to see the guy, the guy was crying hysterical on the boardwalk. I says, listen, you know Anthony (a reference to Graziano) would never do anything to you." Mr. Graziano replied "Never." Mr. Pagan then stated "And I'm not here to do anything to you either." I submit that Mr. Pagan was not going to harm Joseph Ferrara because Mr. Graziano specifically requested that Mr. Ferrara was not to be harmed. This point is evidenced by the words of Mr. Graziano and Mr. Pagan in the recorded conversations and also by Mr. Pagan's actions, or lack thereof, not to threaten or harm Mr. Ferrara.

      This point is further illustrated in Mr. Pagan's October 25, 2011 recording with a Bonanno family solider when Mr. Pagan stated, "I said, Joe, last time I saw you, you said you was glad it was me talking

to you because everybody else was mean to me, you know, and I feel comfortable with you. I says, I just came here to see where stand."

Additionally, in the last recorded conversation on this matter, on November 9, 2011, Mr. Graziano stated to Mr. Pagan, "I think they mistreated this kid." Mr. Graziano also stated that the approach for the collection of this debt should be, "I know. I'll tell him listen to me Joe, here's the story. You owe me, how much ya think you owe me, my pal? He's gonna tell me, if it's fifty, I know what you're gonna do. What kind of cash could you come up with? Let me see what he says. If he got $25k, I'll take the 25k and call it even. You belong to me, anything you do, let me know, maybe I can make some money with you."

In determining the nature and circumstances of Mr. Graziano's offense, I continue to submit that the additional transcripts contained in the most current Presentence Report further illustrate that Mr. Graziano never intended to harm Joseph Ferrara.

Your consideration in this matter is greatly appreciated.

Respectfully Submitted,

/PVP/

Patrick V. Parrotta, Esq.


CC: Assistant United States Attorney Jack Dennehy